UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

CHARLES W. BARRETT, JR.,

   Plaintiff,

v.              Case No. 8:09-cv-00936-JSM-MAP

UNITED STATES OF AMERICA,

   Defendant.
_____/

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff hereby amends his complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(A).

## A. Introduction

1. Defendant has not filed a responsive pleading to plaintiff's complaint, thus plaintiff may amend his complaint as a matter of course. See FRCP 15(a)(1)(A).

2. Defendant may be served by sending a copy of the summons and of the complaint by certified mail to the Civil Process Clerk, United States Attorney for the Middle District of Florida, at 400 N. Tampa Street, Suite 3200, Tampa, FL 33602; by sending a copy of the summons and of the complaint by certified mail to the Attorney General of the United States at U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001; and by sending a copy of the summons and of the complaint by certified mail to the Internal Revenue Service at 1111 Constitution Avenue, NW, Washington, DC 20224.

### B. Statement of Jurisdiction

3. The court has original jurisdiction over the lawsuit at 28 U.S.C. § 1346(a)(1) because the suit arises under Internal Revenue Code ("IRC") section 7422. Plaintiff filed a claim for refund with the IRS for each of the years 2003 through 2007 as required by IRC § 7422(a), and within the period of limitations set forth at IRC § 6511(a), as supported by § 6513(a). Plaintiff brings this suit within the period of limitations set forth at IRC § 6532(a)(1). For all years at issue, plaintiff paid the IRS more through federal withholding than what the IRS claims plaintiff owes. See *Dacanay v. Government of Guam*, 05-00017. (D.Guam 09/09/2005), which explains the parameters of subject matter jurisdiction for a civil action for refund suit.

### C. Statement of Venue

4. Venue is proper in this district under 28 U.S.C. §1391(e)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

### D. Exhaustion of Administrative Remedies

5. Plaintiff timely filed federal tax returns with the IRS for each of the years 2003 through 2007, stated his claim for refund therein, and allowed 6 months to lapse before filing suit.

### E. Demand for Jury Trial

6. Plaintiff asserts his rights under the Seventh Amendment to the United States Constitution and demands, in accordance with Federal Rules of Civil Procedure 38, a trial by jury on all issues.

### F. Statement of Facts

7. During the years 2003 through 2007, Charles W. Barrett, Jr. ("Barrett") worked as a project program manager for BAE Systems.

8. BAE Systems is a private sector company, which is not owned or operated on behalf of the United States.

9. BAE Systems reported Barrett's pay as "wages" to the IRS on the Form W-2 for each of the years 2003 through 2007.

10. The statutory requirements for issuing the Form W-2 are codified at Internal Revenue Code ("IRC") section 6051. IRC sections 6051(a)(2,3,5) require that the Form W-2 be filled in with "wages" as specifically defined in IRC sections 3401(a) and 3121(a).

11. The IRS relied on the information on the Forms W-2 that it received from BAE Systems to create an accounting of federal tax liabilities in an IRS transcript of account for Barrett for each of the years 2003 through 2007.

12. Barrett filed his claim for refund with the IRS for each of the years 2003 through 2007, with a Form 4852 incorporated as part of each of these returns, as demonstrated by **Plaintiff's Exhibit 1**, which is Barrett's returns for the years 2003 through 2007.

13. On the Form 4852, Barrett disputed the third party reporting by BAE Systems to the IRS on the Form W-2.

14. Grounds for Barrett's dispute on the Form 4852 is the plain language of IRC sections 3401(a) and 3121(a) as read and understood in light of the basic principles of statutory construction, as articulated in Southerland's Rules of Statutory Construction, and interpreted by the United States Supreme Court in *Gould v. Gould*, 245 U.S. 151.

15. Barrett timely filed his returns for each of the years 2003 through 2007, as follows:

    a. Barrett filed his 2003 amended return with the IRS in Atlanta, Georgia on March 22, 2006.

    b. Barrett filed his 2004 return with the IRS in Atlanta, Georgia on March 22, 2006.

    c. Barrett filed his 2005 return with the IRS in Atlanta, Georgia on March 22, 2006.

    d. Barrett filed his 2006 return with the IRS in Atlanta, Georgia on February 28, 2007.

    e. Barrett filed his 2007 return with the IRS in Atlanta, Georgia on April 15, 2008.

16. The Secretary of the Treasury issued a full refund to Barrett for the year 2004, a partial refund for the years 2003 and 2005, and no refund for the years 2006 and 2007.

17. The Secretary of the Treasury issued a partial refund in the amount of $5,764.51 for the year 2003. According to the accounting on the face Barrett's return for the year 2003, an overpayment in the amount of $10,296.12 is due and owing to Barrett. When the refunded amount of $5,764.51 is subtracted from $10,296.12, according to Barrett's accounting, $4,531.61 is still due and owing to Barrett.

18. The Secretary of the Treasury issued a partial refund in the amount of $1,032.59 for the year 2005. According to the accounting on the face Barrett's return for the year 2005, an overpayment in the amount of $8,648.39 is due and owing to Barrett. When the refunded amount of $1,032.59 is subtracted from $9,680.98, according to Barrett's accounting, $8,648.39 is still due and owing to Barrett.

19. According to the accounting on the face Barrett's return for the year 2006, an

overpayment in the amount of $11,908.00 is due and owing to plaintiff.

20. According to the accounting on the face Barrett's return for the year 2007, an overpayment in the amount of $7,530.00 is due and owing to plaintiff.

21. According to the accounting on the face of Barrett's returns for the years 2003, 2005, 2006, and 2007, a total of $32,618.00, is still due and owing to Barrett.

### G. Count 1 — Civil Action for Refund

22. Under IRC § 6402(a) the Secretary of the Treasury owed plaintiff a duty to refund his overpayment of taxes for each of the years 2003 through 2007. The Secretary breached its duty by failing to issue plaintiff the full amount of his overpayment of taxes for the years 2003, 2005, 2006, and 2007.

23. Plaintiff fully cooperated with the Secretary for each of the years 2003 through 2007 by filing federal tax returns with the IRS in Atlanta, Georgia. On the Form 4852 incorporated as part of each of plaintiff's returns, plaintiff disputed the validity of the third party reporting of "wages" on the Form W-2 by BAE Systems to the IRS.

24. Grounds for plaintiff's dispute on the Form 4852 is the plain language of IRC sections 3401(a) and 3121(a) as read and understood in light of the basic principles of statutory construction, as articulated in Southerland's Rules of Statutory Construction, and interpreted by the United States Supreme Court in *Gould v. Gould*, 245 U.S. 151. In accordance with these basic principles of statutory construction, IRC sections 3401(a) and 3121(a) mean **only** that which is stated, and nothing more, and do not include plaintiff's non-federally-connected private sector pay.

25. Under IRC § 6201(d) the Secretary has the burden to provide reasonable and

probative information in addition to the Form W-2 reported on to the IRS by BAE Systems.

### H. Prayer for Relief

WHEREFORE, plaintiff asks for judgment against defendant for the following:

a. Return of overpayment in the amounts of: $4,531.61 for the year 2003; $8,648.39 for the year 2005; $11,908.00 for the year 2006; and $7,530.00 for the year 2007; for a total refund of $32,618.00, plus interest accrued in accordance with the interest tables contained in IRS Notice 433 (Rev. 7-2006).

b. Costs of suit.

c. All other relief the court deems appropriate.

*Charles W Barrett*
Charles W. Barrett, Jr.
3967 Eagle Cove East Drive
Palm Harbor, Florida 34685
(727) 789-0410

### VERIFICATION

STATE OF FLORIDA
PINELLAS COUNTY

Before me, the undersigned notary, on this day personally appeared Charles W. Barrett, Jr., the affiant, a person whose identity is known to me. After I administered an oath to affiant, affiant testified:

1. My name is Charles W. Barrett, Jr.. I have read the foregoing PLAINTIFF'S FIRST AMENDED COMPLAINT. The facts stated in it are within my personal knowledge and are true and correct.

2. Attached as **Plaintiff's Exhibit 1** are true and correct copies of the Form 1040 tax

returns that I filed with the IRS for the years 2003 through 2007.

3. On these copies, I blacked out the Social Security number assigned to me by the government.

*Charles W Barrett*
Charles W. Barrett, Jr.
3967 Eagle Cove East Drive
Palm Harbor, Florida 34685
(727) 789-0410

Sworn to before me, and subscribed in my presence on this 24Th day of July 2009. My commission expires on 5/13/2013.

*Gardner Wetenhall*
Notary Public in and for
the State of Florida

Notary Public State of Florida
Gardner Wetenhall
My Commission DD868806
Expires 05/13/2013