IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES W. BARRETT, JR.            )
                                             )
          Plaintiff,            )
                                             )
      v.                          )      Civil No. 8:09-cv-936-JSM-MAP
                                             )
UNITED STATES OF AMERICA        )
                                             )
         Defendant.         )

## MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

The United States of America, by undersigned counsel, respectfully moves the Court to dismiss Charles W. Barrett, Jr.'s Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  In addition, Barrett's claim for refund of the taxes he paid for the 2005 tax year should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  Finally, the burden of proof should not shift to the United States in this case, pursuant to 26 U.S.C. § 6201(d), because Barrett has failed to raise a "reasonable dispute" regarding the income reported on his Form W-2.  The following memorandum is submitted in support of this motion along with the Declaration of Amanda R. Norris and Government Exhibit 1.

## INTRODUCTION

In the face of the United States' motion to dismiss his original Complaint, Barrett has now filed an Amended Complaint.  Yet Barrett, a tax-defier, still claims that he is entitled to a refund of every single dollar withheld from his pay by BAE Systems Applied Technology

4510397.1

("BAE") during the years 2003, 2005, 2006 and 2007.  And while Barrett has dropped his claim

that the income tax is unconstitutional and his claim for injunctive relief, his Amended

Complaint still claims that he owes no income taxes on the compensation he earned from BAE

during the years at issue because, according to Barrett, compensation is not "wages."  This

argument is wrong as a matter of law and has been repeatedly rejected by the Courts.  This Court

should accordingly dismiss Plaintiff's Complaint in its entirety for its failure to state a cognizable

claim, or, in the alternative, in part for lack of subject matter jurisdiction.

## <u>UNDISPUTED MATERIAL FACTS</u>

1.      Throughout all the years at issue in the Complaint (2003, 2005, 2006 and 2007),

Plaintiff worked as a project program manager for BAE Systems Applied Technologies ("BAE").

<u>See</u> Amended Complaint ¶ 7.

2.      Plaintiff received compensation from BAE for his services as a project program

manager in each of the years 2003 through 2007.  <u>See</u> Amended Complaint ¶ 9, 24.

3.       For each year at issue in this case, Plaintiff filed tax returns which failed to report

any of the income he earned from BAE.  <u>See</u> Attachments to Amended Complaint (Forms 1040

for 2003, 2005, 2006 and 2007).  Plaintiff lists only his military retirement pay as income and

states his occupation as "American Citizen."

4.      To each return filed by Plaintiff, Plaintiff attached a "Substitute for Form W-2"

(Form 4852) that he filled out himself, listing $0 in wages from BAE and several thousand

dollars of federal income, social security and medicare taxes withheld.  <u>Id</u>.  <u>See also</u> Amended

Complaint ¶ 12, 13, 24.

# ARGUMENT

All of Barrett's claims rest upon the frivolous premises that the compensation paid to Barrett by BAE is not subject to taxation. Because the bases to Barrett's claims are wrong as a matter of law, the Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted. In the alternative, this Court lacks jurisdiction to adjudicate Barrett's claim with respect to the 2005 tax year, because Barrett failed to satisfy the jurisdictional pre-payment obligation of 26 U.S.C. § 1346(a). Finally, the burden-shifting mechanism in 26 U.S.C. § 6201(d) is not triggered here, because Barrett's tax-defier arguments do not constitute a "reasonable dispute" regarding the taxability of his wages.

## I.    BARRETT'S AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### A.    The Compensation Paid to Barrett by BAE is Income Subject to Taxation

Barrett's theory in support of his allegation that he owes no taxes on the salary he received from BAE is that that compensation is not "wages" subject to taxation under the Internal Revenue Code. See Amended Complaint ¶¶ 14, 23, 24. Thus, Barrett alleges that the money BAE paid to him for his project manager services was "non-federally-connected private sector pay" and not "wages," and therefore was improperly reported to the IRS by BAE, erroneously creating Barrett's tax liabilities. See Amended Complaint ¶¶ 11, 23, 24. Barrett's theory fails as a matter of law for at least two reasons. First, the statutes upon which Barrett bases this argument do not impose any tax for which Barrett seeks a refund. Rather, they speak only to the requirement of withholding certain amounts from wages. The tax of which Barrett complains is imposed by a completely different section of the Code. Second, even if the Code sections

referenced by Barrett were relevant to a determination of whether Barrett's salary is subject to

taxation, his interpretation of those statutes has been flatly rejected by the Courts.

> 1.    **Barrett's Liability for Income Tax is Determined by Section 1 of the Internal Revenue Code, Not By the Withholding and Reporting Provisions.**

Barrett's argument that he received no "wages" is grounded in 26 U.S.C. § 6051. That

section requires "every employer engaged in a trade or business who pays compensation for

services performed by an employee" to provide to each employee a statement including, among

other things, "the total amount of wages as defined in section[s] 3401(a) [and] 3121(a)." 26

U.S.C. §§ 6051(a)(3), (5). The statute further requires this statement to be filed with the

Secretary of the Treasury, in accordance with applicable regulations. 26 U.S.C. § 6051(d). This

section does not, however, impose any tax. Nor does this section define what income is subject

to tax, or what deductions are allowable against that income. This section simply requires that an

employer report the compensation that the employer paid the employee during the calendar year.

For this reason, Barrett is misguided in basing his argument that he owes no taxes on the

definitions contained within these statutes. To determine whether Barrett owes tax on the

amounts he received, he must reference the sections which impose that tax.

The tax about which Barrett complains is imposed by Chapter 1, Section 1 of Subtitle A

(Income Taxes) of the Internal Revenue Code. That section "impose[s] on the taxable income of

every" individual, a tax determined according to tables based upon the individual's filing status

(i.e., single, head of household, married filing jointly, or married filing separately). 26 U.S.C. §

1. The term "taxable income" is defined as "gross income minus the deductions allowed by" the

Code. 26 U.S.C. § 63(a). The term "gross income" in turn is defined as

4510397.1                                   - 4 -

> [A]ll income from whatever source derived, including (but not limited to) the following items: (1) Compensation for services, including fees, commissions, fringe benefits, and similar items.

26 U.S.C. § 61(a)(1).[1] Thus, Barrett, like every other American citizen, is liable to the United States for income taxes on "all income from whatever source derived, including . . . compensation for services" minus allowable deductions. Barrett here admits in his Amended Complaint that he performed services for BAE as a project manager during all the years in question and received compensation from BAE in exchange for those services. See Amended Complaint ¶¶ 7, 9, 24. Barrett's characterization of these payments as "non-federally-connected private sector remuneration" does not alter the fact that BAE compensated Barrett for his services.

"Every court which has ever considered the issue has unequivocally rejected the argument that wages are not income." United States v. Connor, 898 F.2d 942, 943-44 (3d Cir. 1990); see also, e.g., United States v. Bell, 238 F. Supp. 2d 696, 700 (M.D. Pa. 2003) ("it is well-settled that wages or compensation for services constitute income and that individuals receiving income are subject to the federal income tax"). Indeed, the Supreme Court "ha[s] repeatedly emphasized the 'sweeping scope' of this section [61(a)] and its statutory predecessors." Commissioner of Internal Revenue v. Schleier, 515 U.S. 323, 327-28 (1995). To resolve Barrett's Amended

---

[1]    See also 26 C.F.R. § 1.61-1(a) ("Gross income means all income from whatever source derived, unless excluded by law. Gross income includes income realized in any form, whether in money, property, or services."); 26 C.F.R. § 1.61-2(a)(1) ("Wages, salaries, commissions paid salesmen, compensation for services on the basis of a percentage of profits, commissions on insurance premiums, tips, bonuses (including Christmas bonuses) termination or severance pay, rewards, jury fees, marriage fees and other contributions received by a clergyman for services, pay of persons in the military or naval forces of the United States, retired pay of employees, pensions, and retirement allowances are income to the recipients unless excluded by law.").

Complaint, this Court need not probe the outer limits of the terms "gross income" or "taxable income."  Whatever those limits, Barrett's receipt of compensation in exchange for the project manager services he provided BAE falls well within the scope of "income from whatever source derived . . . including compensation for services."  26 U.S.C. § 61(a)(1).  Barrett is therefore subject to income tax on this salary under section 1.

**2.    The Withholding and Reporting Provisions do not Support Barrett's Claims**

Even assuming _arguendo_ that the withholding and reporting requirements of § 6051 are somehow relevant to a determination whether Barrett owes tax on the compensation he received, nothing in that section or the others cited by Barrett supports Barrett's assertion that the compensation he received from BAE is exempt from taxation.  Barrett's argument is that § 6051 only requires the reporting of "wages" as defined in §§ 3401(a) and 3121(a).  "Wages" in § 3401(a) is defined as "all remuneration . . . for services performed by an employee for his employer."  Barrett's compensation for services for BAE clearly falls within this category.[2]

_____

[2]    While Barrett's Amended Complaint no longer alleges that Barrett is not an "employee" as defined by § 3401(c), to the extent that he may be relying on this argument to claim that his compensation is not "wages" as defined in § 3401(a), his argument is still incorrect as a matter of law.  Under § 3401(c), "the term 'employee' includes an officer, employee, or elected official of the United States, a State, or any political subdivision thereof, or the District of Columbia, or any agency or instrumentality of any one or more of the foregoing.  The term 'employee' also includes an officer of a corporation."  However, these categories of individuals are not the only "employees" that are subject to income taxes.  If there were any doubt, it is dispelled by 26 U.S.C § 7701(c), which specifically provides that "[t]he terms 'includes' and 'including' when used in a definition contained in this title shall not be deemed to exclude other things otherwise within the meaning of the term defined."  Thus, merely because § 3401(c) provides that the term "employee" includes individuals employed by certain governmental entities, that does not "exclude other things otherwise within the meaning of the term," such as individuals employed by, in Barrett's words, "private sector" companies.  See also, e.g., Sullivan v. United States, 788 F.2d 813, 815 (1st Cir. 1986) ("[T]o the extent [taxpayer] argues that he received no 'wages' . . . because he was not an employee within the meaning of 26 U.S.C. § 3401(c), that contention is

Likewise, "wages" are defined in § 3121 as "all renumeration for employment," so even assuming that this provision was relevant to the determination of Barrett's tax liabilities, his compensation would be included.

As succinctly stated by the Tax Court in another case, Barrett's argument, even as amended in this second complaint, is "nothing but tax protestor rhetoric and legalistic gibberish." Pabon v. Commissioner, T.C. Memo. 1994-476, 68 T.C.M. (CCH) 813, 816 (1994).  Indeed, the Fifth Circuit observed that refuting such arguments "with somber reasoning and copious citation of precedent . . . might suggest that these arguments have some colorable merit."  See Crain v. Commissioner, 737 F.2d 1417, 1418 (5th Cir. 1984).  The Eleventh Circuit has deemed similar arguments "utterly without merit", United States v. Ward, 833 F.2d 1538, 1539 (11th Cir. 1987), and has imposed sanctions upon litigants for raising these very same arguments.  See, e.g., Motes v. United States, 785 F.2d 928, 928 (11th Cir. 1986) (awarding government double costs and attorney's fees); Biermann v. Comm'r, 769 F.2d 707, 708 (11th Cir. 1985) (awarding double costs and attorney's fees where taxpayer argued, inter alia that his salary was not income and he was not an employee).  Barrett's claims here are equally frivolous, and his Amended Complaint should be dismissed as such.

## II.    THIS COURT LACKS JURISDICTION TO ADJUDICATE BARRETT'S REFUND CLAIM FOR 2005

---

meritless. . . . The statute does not purport to limit withholding to the persons listed therein."); United States v. Latham, 754 F.2d 747, 750 (7th Cir. 1985) (the argument that "under 26 U.S.C. § 3401(c) the category of 'employee' does not include privately employed wage earners is a preposterous reading of the statute");  Peth v. Breitzmann, 611 F. Supp. 50, 53 (E.D. Wis. 1985) (this argument "mistakenly assumes that this definition of 'employee' excludes all other wage earners").

A.     **The United States Has Not Waived its Sovereign Immunity for Barrett's Refund Claims**

The United States, as sovereign, may not be sued without its consent, and the terms of its consent define the court's jurisdiction.  See FDIC v. Meyer, 510 U.S. 471, 475 (1994); In re Hardy, 97 F.3d 1384, 1388 (11th Cir. 1996).  For this reason, no suit may be maintained against the United States unless it is brought in strict compliance with the terms of a statute under which the United States has consented to be sued.  See Lehman v. Nakshian, 453 U.S. 156, 161 (1981); Suarez v. United States, 22 F.3d 1064, 1065 (11th Cir. 1994).  The party bringing an action against the United States "bears the burden of demonstrating an unequivocal waiver of immunity."  Graham v. FEMA, 149 F.3d 997, 1005 (9th Cir. 1998) (internal quotation omitted). Waivers of sovereign immunity are to be strictly construed and no exceptions implied.  United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992).

In this case, Barrett asserts causes of action for which the United States has not waived its sovereign immunity, and which must accordingly be dismissed.

1.     **Barrett Has Not Complied With the Prerequisites to a Claim for Refund With Respect to the 2005 Tax Year**

Barrett seeks a refund of taxes paid for the years 2003, 2005, 2006 and 2007.  See Amended Complaint, ad damnum clause, part (a).  The Amended Complaint properly notes that jurisdiction over refund claims pursuant to 26 U.S.C. § 7422 is provided by 28 U.S.C. § 1346(a). See Amended Complaint ¶ 3.  Yet, Barrett has not complied with the obligation to pay the full amount of his outstanding liabilities for 2005 before he submitted his claim for refund for those years. See Flora v. United States, 362 U.S. 145, 177 (1960).  Barrett's Amended Complaint should be dismissed accordingly insofar as it seeks a refund for the year 2005.

4510397.1                                    - 8 -

The Supreme Court has held that "§ 1346(a)(1), correctly construed, requires full payment of the assessment before an income tax refund suit can be maintained in a Federal District Court."  Flora, 362 U.S. at 177.  The United States Court of Appeals for the Eleventh Circuit recently reaffirmed this rule: "The waiver [of sovereign immunity] provided for in § 1346(a)(1) only applies when a taxpayer pays to the IRS the full amount of the contested tax liability . . . ."  Ishler v. Internal Revenue Service, 237 Fed. Appx. 394, 398 (11th Cir. 2007) (emphasis added); see also, e.g., Wagner v. United States, 2003 WL 691029, at *4 (M.D. Fla. Jan. 21, 2003) ("Section 1346(a) requires full payment of a tax assessment before an income tax refund suit can be maintained in a federal court.").

Here, however, Barrett has not made full payment of the assessments against him for the 2005 tax year.  Barrett seeks refunds in the amount of $8,648.39 for the 2005 tax based upon a return that he filed for that year claiming no tax liabilities on his compensation from BAE.  See Amended Complaint, ad damnum clause, part (a); Attachments to Amended Complaint.  Yet despite the self-serving claim in his Amended Complaint that "plaintiff paid the IRS more through federal withholding than what the IRS claims plaintiff owes," the tax withheld from his BAE wages did not satisfy his tax liability for the 2005 tax year in full.  See Amended Complaint ¶ 3;  Declaration of Amanda R. Norris; Exhibit 1.  IRS records indicate that Barrett owes over $44,000 for the tax year ending December 31, 2005.  Id. Therefore, this Court lacks jurisdiction over Barrett's claim for refund for the 2005 tax year and should accordingly dismiss the Amended Complaint insofar as it seeks a refund for the years 2005.[3]

---

[3]     We also question whether Barrett's claims for refund for all the years at issue are even valid.  The Eleventh Circuit has stated that to qualify as a valid refund claim, "at a minimum the taxpayer must identify in its refund claim the 'essential requirements' of each and every refund demand."  In Re Ryan, 64 F.3d 1516, 1521 (11th Cir. 1995) (quoting Charter Co. v. United

## III. <u>THE UNITED STATES DOES NOT BEAR THE BURDEN OF PROOF IN THIS CASE</u>

Barrett also errs when he argues that the United States bears the burden of proof in this case. <u>See</u> Amended Complaint ¶ 25.  Barrett's Amended Complaint states that "[u]nder IRC § 6201(d) the Secretary has the burden to provide reasonable and probative information in addition to the Form W-2 reported to the IRS by BAE Systems."  Amended Complaint ¶ 25.  Yet § 6201(d)'s burden-shifting mechanism is not so easily triggered.  Rather, the full text of § 6201(d) states that "if a taxpayer asserts a <u>reasonable dispute</u> with respect to an item of income reported on an information return . . . and the taxpayer has fully cooperated with the Secretary . . . the Secretary shall have the burden of producing reasonable and probative information concerning such deficiency" (emphasis added).  Therefore, despite his self-serving assertions that "Plaintiff fully cooperated with the Secretary," § 6201(d) is not triggered here, because Barrett's dispute with respect to the amounts reported as income by BAE is anything but reasonable.  <u>See</u> Amended Complaint ¶ 23.

States, 971 F.2d 1576, 1579 (11th Cir. 1992)).  While Barrett's Forms 1040 claim income related to his U.S. military retirement pay, his Forms 1040 with attached Forms 4852, which claim zero income from Barrett's employment at BAE, arguably do not contain the essential requirements of his refund demand.  For each tax year, Barrett was provided Forms W-2 by BAE which stated that Barrett earned wages; however, Barrett refused to calculate his tax liabilities based on the wages reported in these forms.  Further, the fact that Barrett contends taxes have been withheld by his employer and should be refunded, "indicat[es] that [he] knows [he] has earned income during the relevant years."  <u>Ruble v. United States</u>, 159 F.Supp.2d 1381, 1383 (N.D.Ga. 2001).  Rather than identifying the essential requirements for his refund, Barrett's returns rely on tax-defier rhetoric and computation techniques which have repeatedly been rejected by the Courts.  <u>Cf</u>. <u>Ruble</u>, 159 F.Supp.2d at 1384 (holding that court had no jurisdiction to entertain refund action when plaintiff filed zero returns); <u>Taylor v. United States</u>, 2001 WL 721850 at *1 (D.D.C. 2001) (same); <u>Thompson v. United States</u>, 1999 WL 302453 at *3 (N.D.Ga. 1999) (same).  While that fact may support a jurisdictional argument for every year Barrett has placed at issue, his claims are so patently frivolous that they can be easily dismissed on the merits.

Barrett's attempts in his Amended Complaint to characterize his returns as merely "disput[ing] the third party reporting by BAE Systems" do not turn his tax-defier arguments into reasonable disputes.  See, e.g., Rayner v. Commissioner, 2003 WL 21545925 (5th Cir. 2003) (refusing to shift burden of proof to United States when basis of tax-defier plaintiff's argument was that his compensation was not taxable); Rhodes v. Commissioner, 2005 WL 1744978 (U.S. Tax Ct. 2005) (same); McQuatters v. Commissioner, 1998 WL 88180 (U.S. Tax Ct. 1998) ("Petitioner is a nonfiler and a typical tax protester . . . Section 6201(d) does not provide a means for a taxpayer to avoid his federal income tax liabilities.").  Barrett's argument is wholly divorced from any proper reading of the Code and has been repeatedly rejected by various Courts to have considered it.  Barrett has not raised a reasonable dispute with respect to anything BAE reported to the IRS and cannot therefore invoke the burden-shifting rule of § 6201(d).

## CONCLUSION

For all the foregoing reasons, this Court should dismiss Barrett's Amended Complaint with prejudice.

A. LEE BENTLEY, III
Acting United States Attorney


/s/ Amanda R. Norris
AMANDA R. NORRIS
Trail Counsel, Illinois Bar #6297302
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 14198
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 514-6472
Facsimile: (202) 514-9868
Amanda.R.Norris@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that service of the foregoing MOTION TO DISMISS PLAINTIFF'S COMPLAINT has been made upon the following by depositing a copy in the United States mail, postage prepaid, this 10th day of August, 2009:

Charles W. Barrett, Jr.
3967 Eagle Cove East Drive
Palm Harbor, Florida 34685

<u>  /s/ Amanda R. Norris</u>
AMANDA R. NORRIS
Trial Attorney, Tax Division
U.S. Department of Justice