UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CHARLES W. BARRETT, JR.,** *pro se*,

    **Plaintiff,**

v.                                                                    Case No.  8:09-cv-936-T-30MAP

**UNITED STATES OF AMERICA,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 12), Plaintiff's Opposition and Cross Motion for Summary Judgment and Memorandum in Support (Dkt. 14), and Opposition by United States to Plaintiff's Motion for Summary Judgment (Dkt. 16).  The Court, having reviewed the motions, responses, and being otherwise advised in the premises finds that Defendant's Motion to Dismiss should be granted and this action should be dismissed with prejudice.

## BACKGROUND

Plaintiff Charles W. Barrett, Jr.'s First Amended Complaint is a civil action for refunds  against Defendant United States of America for Plaintiff's alleged overpayment of income taxes for the years 2003 through 2007.  (Dkt. 7).  Plaintiff alleges that he should not owe any income taxes on compensation he earned while employed at BAE Systems, a private sector company, which is not owned or operated on behalf of the United States.  Plaintiff worked as a project program manager for BAE Systems.  Plaintiff alleges that money BAE

Systems paid to him for his services was "non-federally-connected private sector pay" and not "wages."

Defendant the United States of America ("Defendant") filed a Motion to Dismiss Plaintiff's Amended Complaint. (Dkt. 12). Defendant argues, in part, that Plaintiff's First Amended Complaint must be dismissed, with prejudice, for its failure to state a claim upon which relief can be granted. In sum, Defendant argues that every court has unequivocally rejected the argument, as set forth in Plaintiff's First Amended Complaint, that wages received from "non-federally-connected private sector pay" are not income subject to the federal income tax. As set forth in more detail herein, the Court agrees that Plaintiff's First Amended Complaint is frivolous and must be dismissed with prejudice for failure to state a claim.

## DISCUSSION

### I. Motion to Dismiss Standard

Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007). While in

the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1959, 1965; see also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974, n.43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding Twombly "as a further articulation of the standard by which to evaluate the sufficiency of all claims").  Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

**II.     Analysis**

With respect to Plaintiff's claim, the court notes that the Eleventh Circuit has consistently held that wages are subject to income taxes, regardless of whether they are from a non-federally-connected private entity. Motes v. United States, 785 F.2d 928 (11th Cir. 1986); Hyslep v. United States, 765 F.2d 1083, 1084 (11th Cir. 1985); Simanonok v. Commissioner of Internal Revenue, 731 F.2d 743, 744 (11th Cir. 1984). Under the Constitution, Congress has the power to tax income from whatever source, and has defined income to include compensation received for services. Hyslep, 765 F.2d at 1084. There is no exception for income received from a private source and any argument to the contrary lacks "colorable merit." See Crain v. Commissioner, 737 F.2d 1417, 1418 (5th Cir. 1984); Worst v. Hart, 1995 WL 431357, *6 (N.D. Fla. 1995).

In his First Amended Complaint, Plaintiff admits that the taxes which he is disputing were levied upon his income, and that they constituted pay for services he rendered to BAE Systems.  Because the Government clearly has the authority to tax income which includes compensation for services, the Plaintiff admits the frivolity of his claim through his own complaint.  Accordingly, it is evident that Plaintiff can prove no set of facts that would entitle him to relief.  Therefore, this claim should be dismissed with prejudice.  Moreover, because the Court finds Plaintiff's claim to be groundless, Plaintiff is certainly not entitled to summary judgment on his claim.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 12) is hereby **GRANTED** and this action shall be dismissed with prejudice**.**

2. Plaintiff's Motion for Summary Judgment (Dkt. 14) is hereby **DENIED.**

3. The Clerk is directed to enter final judgment in favor of Defendant United States of America, close this case, and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on September 15, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-936.mtdismiss.frm